# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NEW JERSEY BUILDING LABORERS
STATEWIDE BENEFITS FUNDS AND
THE TRUSTEES THEREOF,

    Petitioners,

v.

K&R SITEWORK, INC.,

    Respondent.

Civil Action No. 16-5281 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Petitioners New Jersey Building Laborers Statewide Benefits Funds and the Trustees Threreof's ("Petitioners") Motion for an Order Enforcing Litigant's Rights. (ECF No. 6.) Petitioners seek entry of an Order: (1) adjudicating that Respondent has violated Petitioners' litigant's rights by failing to comply with an information subpoena; (2) compelling Respondent to immediately furnish answers as required by the information subpoena; (3) providing for the arrest of Respondent's principal should Respondent fail to provide responses to the information subpoena; and (4) requiring Respondent to pay attorneys' fees in connection with the motion. (Notice of Mot. 1-2, ECF No. 6.) On April 4, 2017, the Court granted Petitioners' Motion to Confirm Arbitration Award and entered judgment in favor of Petitioners. (ECF Nos. 4-5.)

Petitioners' current motion papers provide that:

> the United States District Court for the District of New Jersey entered an order and judgment against Respondent K&R Sitework, Inc., in the amount of $5,743.57 cents. On or about May 4th, 2017, the order and judgment, in a subpoena to appear and testify, were sent to Respondent via first class and certified mail at its business address. The regular mailing was not returned indicating Respondent's receipt of the correspondence.

(May 24, 2017 Tr. 5:10-20, ECF No. 6-3.) While Petitioners asserted that Respondent received the correspondence sent by regular mail, Petitioners did not set forth the status of the certified mail.

Here, the Court finds that Respondent has violated Petitioners' litigant's rights and, accordingly, grants Petitioners' motion in part and will require Respondent to provide responses to the information subpoena. The Court, however, denies Petitioners' motion without prejudice with respect to the remainder of the relief sought. If Respondent fails to provide responses to the information subpoena, Petitioners shall e-file correspondence to that effect, at which time the Court will issue an Order to Show Cause as to Why an Arrest Warrant Should Not Issue.[1]

**IT IS** on this 1st day of February 2018, **ORDERED** that:

1. Petitioners' Motion for an Order Enforcing Litigant's Rights (ECF No. 6) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

2. Respondent must provide responses to Petitioners' information subpoena by **February 28, 2018**.

3. Should Respondent fail to provide responses to Petitioners' information subpoena, Petitioners shall notify the Court via e-filed correspondence by **March 9, 2018**, at which time the Court will issue an Order to Show Cause.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioners seek a warrant for the arrest of any of Respondent's principals, Petitioners will be required to demonstrate personal service of the Order to Show Cause, Order on Motion to Enforce Litigant's Rights, and April 4, 2017 Order and Judgment upon Respondent and any principal Petitioners seek to arrest. In addition, Petitioners may renew their request for attorneys' fees via e-filed correspondence following Respondent's compliance with the information subpoena or in conjunction with their e-filed correspondence requesting an Order to Show Cause as to Why an Arrest Warrant Should Not Issue.

2